UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O' JS-6

| Case No. | 2:16-cv-03394-CAS-E | Date | July 26, 2016 |
|---|---|---|---|
| Title | FRANCISCO GOMEZ V. GLOBAL VIDEO GAMES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - PLAINTIFF'S MOTION FOR REMAND TO STATE COURT (Dkt. 7, filed June 15, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 1, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On March 29, 2016, plaintiff Francisco Gomez filed this action in the Los Angeles County Superior Court against defendants Mitco West, Inc. ("Mitco"), Barry Miller and Joan Miller, as trustees for the Barry and Joan Miller Trust, Lesley Rubinstein, as trustee for the Rubinstein Trust, and Does 1 through 10 (collectively, "defendants"). Dkt. 1-2 ("Compl."). Plaintiff asserted claims against defendants for: (1) violation of the Unruh Act, California Civil Code §§ 51, *et seq.*; (2) violation of the Disabled Persons Act, California Civil Code §§ 51, *et seq*; (3) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*; and (4) negligence. Id. On May 17, 2016, defendant Mitco removed this action to this court on the basis of federal question jurisdiction. Dkt. 1.

On June 15, 2016, plaintiff filed a motion to remand this action to state court. Dkt. 7. On July 9, 2016, Mitco filed an opposition, Dkt. 9, and on July 25, 2016, plaintiff filed a reply, Dkt. 10. Plaintiff's motion is presently before the Court.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'  JS-6

| Case No. | 2:16-cv-03394-CAS-E | Date | July 26, 2016 |
|---|---|---|---|
| Title | FRANCISCO GOMEZ V. GLOBAL VIDEO GAMES, ET AL. | | |

procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. ANALYSIS

As stated above, pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal. Here, Mitco was served with plaintiff's complaint on April 12, 2016. Dkt. 7, Ex. 1, Proof of Service. Accordingly, to the extent Mitco had a valid basis for removing this action to federal court, it was required to file a notice of removal by, at the latest, May 12, 2016. Nonetheless, Mitco did not file a notice of removal until May 17, 2016—five days after this deadline. See Dkt. 1.

In its opposition, Mitco concedes that its notice of removal was untimely. See Opp'n., at 1 ("It now appears the summons was, in fact, served on April 12, 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:16-cv-03394-CAS-E | Date | July 26, 2016 |
|---|---|---|---|
| Title | FRANCISCO GOMEZ V. GLOBAL VIDEO GAMES, ET AL. | | |

thereby making the notice of removal five (5) days late."). Instead, Mitco argues that the Court should find that its notice of removal was untimely as a result of "excusable neglect." Specifically, Mitco contends that, in the summons delivered to Mitco, the delivery date was hand-written. As such, Mitco's counsel states that he was unable to clearly read the date on which the summons had been delivered and mistakenly believed that plaintiff had served Mitco on April 17, 2016, instead of April 12, 2016.

      Nonetheless, while Mitco's error may have been inadvertent, the Court finds that this is not a sufficient basis to excuse Mitco's failure to timely file a notice of removal. First, Court's rarely excuse a defendant's obligation to timely file a notice of removal. See Douglass v. Weyerhaeuser Co., 662 F. Supp. 147, 149 (C.D. Cal. 1987) ("The time limitations of § 1446(b) are mandatory and the defendant must strictly comply with them. If [the Superior Court action] was not timely removed it should be remanded to the state court.") (citations omitted); see also Dietrich v. Cooperstein, 1995 WL 59494, at *2 (N.D. Cal. Feb. 8, 1995) ("Literally dozens of federal courts have held that the time provisions of section 1446(b) are mandatory and must be strictly construed."). This is true even where a defendant misses the 30-day deadline by only a few days or as a result of inadvertent error. See, e.g., DeMichele v. Loewen, Inc., 2012 WL 1980828, at *3 (N.D. Cal. Jun. 1, 2012) (Breyer, J.) (Granting motion to remand where notice of removal was filed two days late as a result of "inadvertent error"); Student A. By and Through Mother of Student A v. Metcho, 710 F.Supp. 267, 268–69 (N.D. Cal. 1989) (Schwarzer, J.) (remanding where notice of removal filed two days late due to mistaken use of California Procedural Rules to calculate deadline to file notice of removal, as opposed to Federal Rules of Civil Procedure).

      Second, the Court is unpersuaded by Mitco's claim of excusable neglect. Plaintiff has submitted a letter, sent by Mitco to plaintiff, in which Mitco demanded that plaintiff voluntarily dismiss this action. Dkt. 10, Ex. 1. This letter is dated April 14, 2016—i.e., three days *before* April 17, 2016. See id. Thus, while Mitco's counsel may have been confused with regard to the date on which Mitco was served, it appears based on this letter that Mitco was aware as early as April 14, 2016—and possibly earlier—that it had been served. Accordingly, Mitco's claim of excusable neglect is unavailing.

      For the foregoing reasons, the Court finds that Mitco's notice of removal was untimely. The Court, therefore, GRANTS plaintiff's motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03394-CAS-E | Date | July 26, 2016 |
| Title | FRANCISCO GOMEZ V. GLOBAL VIDEO GAMES, ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand this action to state court.[1]

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Plaintiff also requests that the Court impose sanctions on Mitco in the form of attorneys' fees pursuant to 28 U.S.C. §1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, the Court cannot find that Mitco lacked an "objectively reasonable basis for seeking removal."  Rather, while the Court finds that Mitco's removal was procedurally defective, as noted above, this defect appears to have been the result of an inadvertent error.  See also DeMichele, 2012 WL 1980828, at *5 (denying request for attorneys' fees pursuant to section 1447(c) where "Defendant's counsel simply made a mistake in calculating the deadline for filing the Notice [of Removal]").  Moreover, plaintiff's complaint contains one claim brought under the federal Americans with Disabilities Act.  Thus, Mitco had an objectively reasonable basis for concluding that federal question jurisdiction existed in this action.  Accordingly, the Court DENIES plaintiff's request for attorneys' fees.